Evgenia "Evi" Helena Quaid,
Randy Randall Rudy Quaid,
PO Box17372 Beverly Hills CA 90209
802-453-7250
eliza.George@Mail.be

Pro Se

FILED
CLERK, U.S. DISTRICT COURT

NOV 23 2020

CENTRAL DISTRICT OF CALIFORNIA
BY          DTA          DEPUTY

N/S
Fee Paid

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

RANDY QUAID, an individual; EVGENIA
QUAID, an individual,

                Plaintiffs,

        v

ROBERT BOYETT, BRUCE BERMAN,
NANCY GOLIGER, MARTIN MEEKS, and
DOES ONE through FIFTY, inclusive,

                Defendants.

) No.
) 2:20cv10761-FMO-MAAx
)
)
) **COMPLAINT TO**
) **NEGLIGENT INTERFERENCE**
) **WITH PROSPECTIVE ECONOMIC**
) **ADVANTAGE, FOR DAMAGES**
)
)
)
)
) **DEMAND FOR JURY TRIAL**
)
)
)
)
)
)
)
)
)
)
)

BY FAX

### INTRODUCTION

Plaintiff's Complaint against Defendants (defined below) alleges the following based upon Plaintiff's personal knowledge as to Plaintiff's own acts, and information and belief as to all other matters, based upon the Defendants' negligent interference and their ongoing negligent interference with the economic relationship between Randy Quaid and Warner Brothers Pictures, Paramount Pictures, and Falstaff On Broadway LP and Philpott Meeks. With the exception of Philpott Meeks, Mr. Quaid's contracts with these entities remain current and ongoing for the economic benefit of Randy Quaid; and there is a reasonable expectation for continued and future economic benefit for Quaid due directly to the terms of his agreements with the above named entities, but for the wrongful acts committed by each defendant separately and together with each other, against Randy Quaid and his wife, Evgenia Quaid. Plaintiffs believe that substantial evidentiary support exists and will exist for the allegations set forth herein after a reasonable opportunity for discovery. Plaintiffs hereby bring this Complaint against Bruce Berman, Nancy Goliger Berman, Robert Boyett and Martin Meeks, and hereby seek compensatory, and equitable relief; costs; attorneys' fees; and other appropriate and just relief resulting from the wrongful conduct of each Defendant and their ongoing intentional, negligent interference with Mr. Quaid's contracts and his prospective economic advantage. Plaintiffs do not believe that defendants have any intention whatsoever to cease and desist their interference with Randy Quaid's contracts nor do they believe defendants will cease and desist their negligent interference with Randy Quaid's prospective economic advantage unless a court orders defendants to do so. Plaintiffs therefore allege:

### THE PARTIES

1.      Plaintiff Randy Quaid is a 69 year-old man who, at all relevant times mentioned in this Complaint (1989-2009) was a resident in the County of Los Angeles, State of California, and/or Texas; residing at 721 Bedford drive Beverly Hills 90210 from 1993-1999; and from 2000- 2007 residing at 1035 Summit Drive Beverly Hills California 90210.

2.      Plaintiff Evi Quaid is a 57 year-old woman who, at all relevant times mentioned in this Complaint (1989-2009) was a resident in the County of Los Angeles, State of California, and/or Texas; residing at 721 Bedford drive Beverly Hills 90210 from 1993-1999; and from 2000- 2007 residing at 1035 Summit Drive Beverly Hills California 90210.

3.      Plaintiffs are informed and believe and thereon allege that Defendant Robert Boyett is an individual residing in Manhattan County, New York; and that Robert Boyett is, and at all relevant times mentioned in this Complaint was, the producer of the Falstaff On Broadway LP musical production starring Randy Quaid.

4.      Plaintiffs are informed and believe and thereon allege that Defendant Bruce Berman is an individual residing in Los Angeles County, California; and Bruce Berman is, and at all relevant times mentioned in this Complaint was, an executive for Warner Bros Pictures.

5.      Plaintiffs are informed and believe and thereon allege that Defendant Nancy Goliger Berman (aka Nancy Goliger) is an individual residing.in Los Angeles County, California; and Nancy Goliger Berman is, and at all relevant times mentioned in this Complaint was, a marketing executive for Paramount Pictures.

6.      Plaintiffs are informed and believe and thereon allege that Defendant Martin Meeks, is an individual residing in Los Angeles County, California; and is and at all relevant times mentioned in this Complaint was and is, employed at Philpott Meeks, a business managerial firm located in Los Angeles County, and that Meeks is and at all relevant times mentioned in the Complaint was, the personal business manager for defendants Robert Boyett and Nancy Goliger Berman, and for Plaintiffs through Philpott Meeks' partnership and association with Plaintiff's personal business managerial firm.

7.      Plaintiffs are informed and believe and thereon allege that they are ignorant of the true names and capacities of the defendants named as DOES 1 through 50 and therefore sue these defendants by fictitious names, pursuant to Section 474 of the California Code of Civil Procedure. Plaintiffs are informed and believe, and thereon allege, that each fictitiously-named Defendant participated in, contributed to, or was in some way responsible for the

matters complained of herein. When the identities and the exact nature of such fictitiously-named defendants' participation in and contribution to these matters are ascertained, Plaintiffs will amend this complaint to set forth the same.

8.      Plaintiffs are informed and believe, and on the basis of that information and belief allege, that each of the Defendants named in Paragraphs 3 through 6 was in some manner legally responsible for the events alleged in this complaint and for Plaintiffs' injuries and damages.

9.      Plaintiffs are informed and believe and on that basis allege that at all times pertinent to this action, Does 1 through 50 acted as the agents, servants or employees of one or more co-defendants, and at all times were acting within the course and scope of such agency and/or employment, and that each Defendant approved or ratified the acts of one or more co-defendants.

## FACTUAL ALLEGATIONS

10.      Randy Quaid is an award winning Actor in the entertainment business. Since 1970 he has performed in approximately 150 films and television productions, including voice-overs for animated works, radio productions, book narrations, as well as the voice/spokesperson for such well-known brands as Miller Beer, KFC, US Air and Capital One credit card commercials from 2003-2010. Randy Quaid's body of work spans a very active forty-year career, including his role as Colonel Tom Parker for CBS in 2005; the 2007 Warner Brothers Milos Forman film with Quaid portraying the king of Spain; and for Warner Brothers, its very popular *"Vacation"* franchise. In fact, Randy Quaid's first day of work in Hollywood was on a Warner Bros sound stage in 1971.

11.      Plaintiff Evi Quaid is a filmmaker whose work has been screened at the Toronto film festival and starred such famous actors as Michael Cain, Randy Quaid and Alison Janney. She is also a successful photographer with a 2005 one-woman show to her credit in the highly esteemed Mak Museum in Vienna, Austria. Evi also collaborated with legendary photographer Helmut Newton on a series of photographs that remain on permanent exhibition in the Helmut Newton Museum in Berlin and Paris. Evi is a published author, a

writer of articles for prominent style magazines and she was a contributing editor for Vogue

Magazine. Her homes and personal style have been featured in Vogue numerous times.

Defendants Bruce Berman and Nancy Berman

   12. Plaintiff Randy Quaid is informed and believes and thereon alleges that he and

Warner Brothers Pictures ("Warner Bros") are in an economic relationship that has and

probably would have resulted in a future economic benefit to Randy Quaid.

   13. Plaintiff Randy Quaid is informed and believes and thereon alleges that he and

Paramount Pictures ("Paramount") are in an economic relationship that has and probably

would have resulted in a future economic benefit to Randy Quaid.

   14. Plaintiff Randy Quaid is informed and believes and thereon alleges that

defendants Bruce Berman and Nancy Goliger Berman should have known of Randy Quaid's

relationship with Warner Bros and Paramount since Bruce is a high-level executive and

producer at Warner Bros and Nancy is a high-level marketing executive at Paramount.

   15. Plaintiff Randy Quaid is informed and believes and thereon alleges that

defendant Bruce Berman and Nancy Goliger Berman knew or should have known that

Randy's  relationships with both Warner Bros and Paramount would be disrupted if the

Bermans failed to act with reasonable care.

   16. Plaintiff Randy Quaid is informed and believes and thereon alleges that

defendants Bruce Berman and Nancy Goliger Berman failed to act with reasonable care.

   17. Plaintiff Randy Quaid is informed and believes and thereon alleges that

defendants Bruce Berman and Nancy Goliger Berman, engaged in wrongful conduct against

plaintiffs that was both illegal and malicious when the Bermans fraudulently and negligently

acquired and transferred to themselves real property, its address and mailbox belonging to

plaintiffs. The Bermans also stole valuable personal property belonging to the Quaids,

including a work of fine art.

   18. The Quaids later discovered the theft. They then attempted to contact Bruce

Berman through several certified letters, per a specific term in his contracts with Warner

Bros, seeking information concerning the contract and the property. Some of the certified

letters the Quaids sent. All of the certified letters were returned to Mr. Quaid unopened and unsigned for.

19.     The Bermans later transferred the property to a third party at the very same moment Randy Quaid was contracted to star in a musical produced by defendant Robert Boyett. Defendant Martin Meeks of Philpott Meeks, a business managerial firm based in Los Angeles, is Mr. Boyett's business manager and partner. Meeks is also Nancy Goliger's business manager. Plaintiffs Randy and Evi Quaid are also clients of Philpott Meeks through that firm's close partnership and association with plaintiff's own business managerial firm.

20.     Plaintiff Randy Quaid is informed and believes and thereon alleges that his relationships with Warner Brothers Pictures and Paramount Pictures, Philpott Meeks and Falstaff On Broadway LP on one side, and the Defendants' negligent interference with Randy Quaid's prospective economic advantage on the other, caused those relationships to be disrupted.

21.     Plaintiff Randy Quaid is informed and believes and thereon alleges that he was harmed by the wrongful conduct of the Bruce Berman and Nancy Goliger Berman.

22.     Plaintiff Randy Quaid is informed and believes and thereon alleges that Bruce Berman's and Nancy Goliger Berman's wrongful conduct was a substantial factor in causing Randy Quaid to be harmed and to suffer economic, professional and personal damages.

Defendant Robert Boyett

23.     Plaintiff Randy Quaid and Falstaff On Broadway LP are in an economic relationship that has and probably would have resulted in a future economic benefit to Randy Quaid..

24.     Plaintiff Randy Quaid is informed and believes and thereon alleges that defendant Robert Boyett knew or should have known of this relationship.

25.     Plaintiff Randy Quaid is informed and believes and thereon alleges that defendant Robert Boyett knew or should have known that Randy's relationship with Falstaff On Broadway LP would be disrupted if Boyett failed to act with reasonable care.

26.     Plaintiff Randy Quaid is informed and believes and thereon alleges that defendant Robert Boyett failed to act with reasonable care.

27.     Plaintiff Randy Quaid is informed and believes and thereon alleges that Defendant Robert Boyett engaged in wrongful conduct through his misrepresentations to Quaid and his  intentional, negligent interference and breach of Quaid's contract with Falstaff On Broadway LP ("Falstaff Contract")

28.     The relationship between Randy Quaid and Falstaff On Broadway LP was disrupted.

29.     Plaintiff Randy Quaid was harmed.

30.     By reason of the foregoing plaintiff Randy Quaid is informed and believes and thereon alleges that Robert Boyett's wrongful breach of Randy's Falstaff Contract was a substantial factor in causing Randy Quaid to suffer economic, professional, and economic damages.

Martin Meeks

31.     Plaintiffs Randy Quaid and Evgenia Quaid are informed and believe and thereon allege that they and Philpott Meeks, a Los Angeles based accounting and business managerial firm, were in an economic relationship that has and probably would have resulted in a future economic benefit to plaintiffs Randy Quaid and to his wife, plaintiff Evgenia Quaid.

32.     Plaintiffs Randy Quaid and Evgenia Quaid are informed and believe and thereon allege that defendant Martin Meeks knew or should have known of this relationship since he was a controlling partner in the Philpott Meeks firm and Randy Quaid and Evgenia Quaid were clients of the firm, as were Nancy Goliger Berman and Robert Boyett.

33.     Plaintiffs Randy Quaid and Evgenia Quaid are informed and believe and thereon allege that defendant Martin Meeks knew or should have known that the Quaids' relationship with Philpott Meeks would be disrupted if he failed to act with reasonable care.

34.     Plaintiffs Randy Quaid and Evgenia Quaid are informed and believe and thereon allege that defendant Martin Meeks failed to act with reasonable care.

35.     Plaintiffs Randy Quaid and Evgenia Quaid are informed and believe and thereon allege that Martin Meeks engaged in wrongful conduct through his willful failure to disclose to Randy Quaid and Evgenia Quaid that he had a conflict of interest concerning Randy's involvement with Falstaff On Broadway LP since he was also the personal business manager for Robert Boyett, the lead producer of the Falstaff On Broadway LP production in which Randy is the star. Martin Meeks favored client Robert Boyett over client Randy Quaid when Meeks sided with Boyett's interests to the detriment of Quaid's interests in the dispute over the Falstaff Contract, thereby negligently interfering with Randy Quaid's prospective economic advantage.

36.     Plaintiffs are informed and believe and thereon allege that Martin Meeks/ Philpott Meeks obtained the insurance coverage policy(ies) for the Falstaff On Broadway LP production on behalf of client, Robert Boyett.

37.     Nancy Goliger Berman is also a client of Philpott Meeks; Martin Meeks is her personal business manager. During the run of the Falstaff On Broadway LP production, Nancy and Bruce Berman transferred to a third party property they had swindled from the Quaids. Martin Meeks, at the very least, would have been made aware of client Nancy Goliger's transaction concerning the transfer of the property to a third party. The Quaids believe that Martin Meeks and Goliger used the musical production as an opportunity to divert the Quaids' attention so to prevent them from becoming aware of the fraudulent transfer of the stolen property.

38.     Randy Quaid is informed and believes and thereon alleges that Martin Meeks' conduct was intentional and negligent and caused Randy Quaid to suffer harm to his prospective economic advantage concerning his Falstaff Contract.

### First Cause of Action

Negligent Interference With Prospective

Economic Advantage

Against Defendants Bruce Berman and Nancy Goliger Berman

39.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 38 as if fully set forth herein.

40.     Plaintiffs are informed and believe and thereon allege that defendants Bruce Berman and Nancy Berman, both high-level executives at Warner Brothers Pictures and Paramount Pictures respectively, engaged in wrongful and negligent conduct through their fraudulent acquisition and transfer of plaintiff's real property without plaintiff's knowledge or consent. They also stole valuable personal property from the Quaids, including a work of fine art.

41.     By fraudulently acquiring and gaining control of the plaintiffs' property the Bermans thereby gained control of where Randy Quaid stored some of his contracts including those with Warner Bros and Paramount..

42.     The Bermans also illegally acquired access to Randy Quaid's address and mailbox that he used to receive mail, notices, and communications related to his contracts with Warner Bros and Paramount. It is the same address where Randy Quaid received certified mail from Warner Bros and Paramount per specific terms in his contracts, especially those terms having to do with merchandising.

43.     The Bermans negligently interfered with Quaid's prospective economic advantage that he derived from his Warner Brothers Pictures, Paramount Pictures contracts and other studios' and production companies' contracts that remain ongoing in perpetuity.

44.     By reason of the foregoing plaintiff Randy Quaid is informed and believes and thereon alleges that Bruce Berman and Nancy Goliger Berman's wrongful conduct was a substantial factor in causing Randy Quaid to suffer ongoing economic, professional, and economic damages.

**Second Cause of Action**

Tortious Interference With Contract

Against Defendant Robert Boyett

45.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 44 as if fully set forth herein.

46.     Plaintiff Randy Quaid is informed and believes and thereon alleges that he had a contract with Falstaff On Broadway LP. ("Falstaff Contract") for his services to star in a musical production. Defendant Bob Boyett was the lead producer of the musical production.

47.     Plaintiff Randy Quaid is informed and believes and thereon alleges that he and Falstaff On Broadway LP are in an economic relationship that has and is reasonably likely to have resulted in a future economic benefit to Randy Quaid, in accordance with the terms of said contract.

48      Plaintiff Randy Quaid is informed and believes and thereon alleges that defendant Robert Boyett knew or should have known about the existence of the Falstaff Contract when he breached the contract; and that he knew or should have known of Randy Quaid's economic relationship with Falstaff On Broadway LP.

49.     Plaintiff Randy Quaid is informed and believes and thereon alleges that Bob Boyett intentionally breached Quaid's Falstaff Contract and negligently interfered with Quaid's prospective economic advantage emanating from that contract both during the pre-Broadway run of the production and its potential future iterations as a Broadway stage presentation and potential touring productions for which Quaid enjoyed profit participation for all such productions for multiple years to come.

50.     Per the Falstaff Contract Quaid currently has first right of refusal to perform the Falstaff role in any future stage production of the musical; and he has first right of refusal to perform the role in a filmed production of said musical.

51.     Plaintiffs are informed and believe and thereon allege that defendant producer Bob Boyett's breach of the Falstaff Contract was improper, that Mr Boyett intentionally misrepresented his intentions to Quaid and failed to honor and to comply with the terms of the Falstaff Contract as to specifically, but not limited to, Quaid's control, entitlement and liberty to make autonomous artistic choices for the creation of his Falstaff character. The contract also included other clauses citing Randy Quaid's right of final approval of the script and casting approval concerning the other actors in the production.

-10-

52.     Defendant Boyett thus used the terms of the Falstaff Contract granting Quaid certain artistic rights and economic rights to induce Quaid to star in the production; then during the run, utilizing a bait-and-switch scheme, Boyett intentionally breached the contract.

53.     Robert Boyett continues to interfere with Quaid's exercising of those artistic and economic rights by failing to honor the terms of the Falstaff Contract.

54.     After breaching the Falstaff Contract Boyett personally orchestrated a smear campaign within the production's company of producers, performers and stage managers. He then used his power and influence as a prolific theater producer who purchases volumes of ad space for his shows in newspapers, including the New York Times and The New York Post, to persuade the other performers in the production to lodge complaints against Randy Quaid with their stage union so to bring charges against Quaid to have him banned from the union for life and fined $82 thousand dollars. The New York Post dutifully obliged Boyett by writing and printing several one-sided accounts blaming Quaid for the show's demise and quoting anonymous sources to defame the actor, impugn his character, and taint his stature in the entertainment industry.

55.     In a November 1, 2020 New York Times' full-page article defaming Randy Quaid and his association with the Falstaff On Broadway LP production — Robert Boyett is quoted as saying that he decided to "rest the property" rather than fulfill the terms of Randy Quaid's contract. At all times during the production from the first day of rehearsals to the final performance Randy Quaid exercised every contractual right at his disposal to achieve a nightly reception of standing ovations and a positive review of his performance in Variety. In the NYT, Nov 1, 2020 article Boyett revealed that they are in the process of "doing work" on the show without Randy Quaid's involvement, which is a violation of certain and specific terms of Randy Quaid's contract which affords him significant creative input and final approval concerning any proposed changes having to do with the show's script, songs and casting. Randy Quaid also has first right of refusal to reprise his starring role. The statements quoted in the article demonstrate Robert Boyett's intention to keep interfering with and breaching Randy Quaid's ongoing Falstaff Contract and economic advantage.

56.     By reason of the foregoing plaintiff Randy Quaid is informed and believes and thereon alleges that Robert Boyett's wrongful breach of their Falstaff Contract agreement was a substantial factor in causing Randy Quaid to suffer economic, professional, and economic damages.

**Third Cause of Action**

Negligent Interference With Prospective

Economic Advantage; and

Failure To Disclose Conflict Of Interest

Against Defendant Martin Meeks

57.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 56 as if fully set forth herein.

60.     Plaintiffs are informed and believe and thereon allege that defendant Martin Meeks knew or should have known of Randy Quaid's relationship to Philpott Meeks, since Meeks was a namesake of the firm and an active partner.

62.     Plaintiffs are informed and believe and thereon allege that defendant Martin Meeks knew or should have known that Randy and Evgenia's relationship with the firm would be disrupted if he failed to act with reasonable care.

63.     Plaintiffs are informed and believe and thereon allege that defendant Martin Meeks failed to act with reasonable care, by not disclosing to them that he had a conflict of interest concerning clients Robert Boyett and Nancy Goliger Berman. Bob Boyett is interfering with the creative clauses of Randy Quaid's Falstaff Contract Randy and Evgenia were not made aware by Meeks or anyone else at the Philpott Meeks firm that Boyett was also a client of Meeks and a business partner of Meeks' late partner, Robert Philpott.

64.     Plaintiffs are informed and believe and thereon allege that Martin Meeks and the Philpott Meeks firm were instrumental in servicing the insurance policy(ies) coverage protection for the Randy Quaid musical and thereby had a keen interest in seeing the policy actuated in favor of producer Boyett's interests.

65.    Defendant Meeks used the musical contract as an artificial device to cause severe and irreparable harm to Randy Quaid, knowing that Boyett had no intention of honoring Randy's Falstaff Contract, and knowing the show was sufficiently insured. Randy Quaid was also fully insured for damages sustained; he had paid out hundreds of thousands of dollars in insurance premiums to Meek's insurance broker, Dewitt Sterne; however, Philpott Meeks failed to submit the claims on behalf of Randy or to inform Quaid that such coverage was available to him; nor did Meeks or Philpott Meeks or their affiliates assist Randy in any manner to bring in his insurance coverage to repair the damage being done to him economically. However, curiously, it was Meeks' company, (not Quaid's attorney who had negotiated the Falstaff Contract), that first served him with the actors' union fake charges that Boyett had strong-armed the cast into bringing against Quaid.

66.    Simultaneously, during the run of the musical production, while his client Boyett was busy breaching Randy's Falstaff Contract, Meeks was working with Nancy Goliger to negligently transfer to a third party the property she and her husband had stolen from the Quaids.

67.    Mr. Meeks' failure to disclose to the Quaids his conflict of interest concerning his relationships with Nancy Goliger and especially Robert Boyett. Meeks failure to protect Randy Quaid's economic interests concerning insurance coverage, and his negligent, intentional interference with Randy Quaid's prospective economic advantage concerning his Falstaff Contract caused Randy and Evgenia severe harm.

68.    By reason of the foregoing, plaintiff Randy Quaid is informed and believes and thereon alleges that Martin Meeks failure to disclose his conflict of interest and other acts against Quaid's interest was a substantial factor in causing Randy Quaid to suffer economic, professional, and economic damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, pray for judgment against Defendants and each of them as follows:

On the First Cause of Action:

      1.    For compensatory damages in an amount to be determined at time of trial.

      2.    For punitive damages in an amount to be determined at time of trial.

On the Second Cause of Action:

      3..    For compensatory damages in an amount to be determined at trial.

      4.    For punitive damages in an amount to be determined at time of trial.

      5.    For exemplary damages in an amount to be determined at time of trial.

On the Third Cause of Action:

      6.    For compensatory damages in an amount to be determined at time of trial.

      7.    For punitive damages in an amount to be determined at time of trial.

      8.    For exemplary damages in an amount to be determined at time of trial.

On All Causes of Action:

      13.    For costs of suit incurred herein;

      14.    For such other and further relief as the Court deems just and proper.

### **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated:  Nov 11, 2020                Respectfully submitted,

                                By Randy Quaid__/s/ Randy Quaid, Pro Se

                                By Evgenia Quaid__/s/Evi Quaid, Pro Se



REZAC-MEYER ATTORNEY SERVICE
P.O. BOX 7299
VENTURA, CA 93006

First Street U.S. Courthouse
350 W 1st Street, Suite 4311
Los Angeles, CA 90012-4565

FOREVER / USA

RECEIVED
CLERK, U.S. DISTRICT COURT

NOV 23 2020

CENTRAL DISTRICT OF CALIFORNIA
BY

2020 NOV 12 PM 1: 53

RECEIVED

Santa Barbara CA 931
THU 19 NOV 2020 PM